**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JUNE RICHMOND,

        Plaintiff,

vs.                                                                   Case No. 3:16-cv-684-J-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

June Richmond ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") and disabled widow's benefits ("DWB"). Plaintiff's alleged inability to work is a result of "[c]omplex regional pain syndrome." Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed August 11, 2016, at 93, 110, 126, 145, 356. On November 27, 2012, Plaintiff filed applications for DIB and DWB, alleging an onset disability date of December 2, 2011. Tr. at 93 (DIB), 110 (DWB). Plaintiff's applications were denied initially, see Tr. at 91, 92-107 (DIB); 108, 109-24 (DWB), and were denied upon reconsideration, see Tr. at 125, 126-42, 185-88 (DIB); 143, 144-61, 181-83 (DWB).

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed August 11, 2016; Reference Order (Doc. No. 12), entered August 12, 2016.

On October 16, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 64-89. At the time of the hearing, Plaintiff was fifty-two (52) years old. Tr. at 72. Following the hearing, the ALJ issued a Decision on December 19, 2014, finding Plaintiff not disabled through the date of the ALJ's Decision. Tr. at 47-56.

The Appeals Council then accepted additional evidence consisting of medical records from Southeast Spine Center dated October 20, 2014 to November 17, 2014. Tr. at 5-6; see Tr. at 1225-31 (records). On April 28, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On June 2, 2016, Plaintiff commenced this action under 42 U.S.C. § 405(g), by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff makes the following argument on appeal: "the [ALJ] erred by not indicating the weight to be afforded to the opinions of Dr. [Daniel] Most and Dr. [Ortelio] Bosch." Memorandum in Support of Complaint (Doc. 15; "Pl.'s Mem."), filed August 19, 2016, at 5 (emphasis and capitalization omitted). Although Plaintiff frames the memorandum as raising this one issue only, she also asserts that the ALJ failed to "discuss the effects of pain" and "[did] not analyze in any great depth the medical opinions from [Dr. Most and Dr. Bosch]." Pl.'s Mem. at 9. On December 9, 2016, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing the issues raised by Plaintiff. After a thorough review of the entire record and consideration of the parties'

respective filings, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 50-56. At step one, the ALJ determined that "[Plaintiff] engaged in some substantial gainful activity after December 2, 2011, the alleged onset date." Tr. at 50 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairment: reflex sympathetic dystrophy [("RSD")] syndrome." Tr. at 50 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments

---

[3]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 51 (emphasis and citations omitted).

The ALJ determined Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except she can no more than occasionally push/pull five pounds or less with the right-upper extremity or more than occasionally handle and finger with the right (dominant) hand/upper extremity. [Plaintiff] has no limitation affecting the non-dominant left-upper extremity. She must avoid climbing ladders, ropes and scaffolds and avoid crawling. [Plaintiff] has no limitation affecting her ability to stoop, crouch or kneel.

Tr. at 51 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that "[Plaintiff] is unable to perform any past relevant work." Tr. at 54-55 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("49 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 55 (emphasis and citations omitted), including "parking lot attendant," "blade balancer," and "marker II." Tr. at 55-56. The ALJ concluded "[Plaintiff] has not been under a disability . . . from December 2, 2011, through the date of th[e D]ecision."[4] Tr. at 56 (emphasis and citation omitted).

---

[4] The ALJ found Plaintiff "met the non-disability requirements for disabled widow's benefits set forth in [42 U.S.C. § 402(e)]." Tr. at 49. Because the ALJ found that Plaintiff was not disabled at any time "through the date of the [ALJ's] decision," Plaintiff does not qualify for disabled widow's benefits. See 42 U.S.C. § 402(e)(1)(B).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

The undersigned first sets out the applicable law. Then, the issues raised by Plaintiff are addressed.

**A. General Law**

The Regulations establish a "hierarchy" among medical opinions[5] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(e).

With regard to a treating physician or psychiatrist,[6] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's

---

[5] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

[6] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing

Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's

-8-

impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

**B. Opinions of Dr. Most and Dr. Bosch**

Plaintiff contends "the ALJ never indicate[d] the weight that he gave to the opinions of Drs. Most and Bosch although these doctors were treating doctors nor [did] he discuss the effects of pain, which is present in this case. . . . He . . . [did] not analyze in any great depth the medical opinions from either of these physicians." Pl.'s Mem. at 9 (emphasis omitted). Responding, Defendant argues that "the ALJ discussed the treatment records from Dr. Most and Dr. Bosch in detail." Def.'s Mem. at 9. Defendant asserts that, "[g]iven the ALJ's discussion and finding regarding Dr. Most's statement and records, . . . any failure on the part of the ALJ to specifically assign a weight to [the impairment rating assigned by Dr. Most] should be deemed harmless error." Id. at 10 n.2. Defendant does not address the ALJ's alleged failure to indicate the weight given to Dr. Most's other opinions and the opinion Dr. Bosch. See generally id.

Dr. Most is a hand surgeon who treated Plaintiff from July 12, 2012 through February 17, 2014 for pain in the right hand, wrist, arm, shoulder, and neck. See Tr. at 805-15, 897-99. After ordering a bone scan, Dr. Most diagnosed Plaintiff with RSD and referred her for pain management. Tr. at 814. On February 4, 2014, he stated that Plaintiff "has reached maximum medical improvement (MMI)" and that "her permanent total right upper extremity

impairment rating is 16%, with a permanent total body impairment rating of 10%." Tr. at 828 (emphasis omitted), 899 (duplicate), 971 (duplicate).

Dr. Bosch is a pain management specialist and has treated Plaintiff since October 3, 2012. See Tr. at 529-42, 740-44, 914-71, 1210-16, 1225-31. Dr. Bosch's treatment of Plaintiff has included administering several "Right Stellate Ganglion Sympathetic Nerve Block[s]" and prescribing various medications. See Tr. at 529-42, 740-44, 914-71, 1210-16, 1225-31.

The ALJ failed to specifically state the weight afforded to the opinions of Dr. Most and Dr. Bosch. In fact, when "consider[ing] the treating source opinions of record[,]" the ALJ did not refer to Dr. Bosch's opinion at all. See Tr. at 54. When considering Dr. Most's opinion, the ALJ referenced only the impairment rating assigned by the doctor. The ALJ impliedly gave the rating controlling weight by stating that "while [the impairment rating] is not a medical assessment, it is consistent with a finding [that Plaintiff's] impairment is not totally disabling." Tr. at 54. Even if this implicit determination were deemed adequate, the ALJ still did not state, impliedly or otherwise, the weight he afforded to the rest of Dr. Most's treatment notes, which constitute the overwhelming majority of the doctor's opinion.[7] The undersigned finds the ALJ's failure to state the weight he gave to the opinions of Dr. Most and Dr. Bosch constitutes error. See Winschel, 631 F.3d at 1179. Accordingly, the Commissioner's final decision is due to be reversed on this issue. On remand, the ALJ is

---

[7] A "[t]reating physician's treatment notes" constitute a medical opinion as defined in 20 C.F.R. §§ 404.1527(a) and 416.927(a). See Winschel, 631 F.3d at 1179.

directed to reconsider the opinions of Dr. Most and Dr. Bosch, articulate the weight attributed to their opinions and the reasons therefor.

Defendant, relying principally on Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 556 (11th Cir. 2015) (unpublished), contends that the ALJ's Decision should be upheld because the ALJ "considered Plaintiff's condition as a whole." Def.'s Mem. at 10. In Hunter, the United States Court of Appeals for the Eleventh Circuit, in an unpublished decision, affirmed the ALJ's decision after finding that the ALJ's failure to state the weight assigned to the treating physicians' notes was harmless. Hunter, 609 F. App'x at 558. In so holding, the Court noted that, "although the [ALJ] did not specifically identify [the plaintiff's] treating physicians by name, the judge summarized [the doctors'] treatment notes." Id. The Eleventh Circuit thus concluded the ALJ's decision "demonstrate[d] that the [ALJ] considered [the plaintiff's] medical condition as a whole." Id.

Unlike the ALJ in Hunter, the ALJ here did not consider "Plaintiff's condition as a whole." The Eleventh Circuit has held that "the ALJ[] must consider the evidence as a whole, including . . . subjective evidence of pain and disability as testified to by the claimant and corroborated by . . . others who have observed [the claimant.]" Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982) (citation omitted); see also Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983). "Since pain alone or in conjunction with other impairments can give rise to a disability, the ALJ must consider subjective evidence of pain[, and] [f]ailure to do so is reversible error." Walden, 672 F.2d at 840. Here, the ALJ did not address any of Plaintiff's numerous complaints to Dr. Most and Dr. Bosch regarding pain. The ALJ's only

discussion of Dr. Bosch's opinion involved Dr. Bosch's <u>treatment</u> of Plaintiff's pain and contained nothing about Plaintiff's complaints of pain to the doctor:

> Pain management records show [Plaintiff] was prescribed and received ganglion sympathetic nerve block injections for wrist/upper extremity pain, Amitriptyline for sleep and Neurontin for nerve pain. Notes show [Plaintiff] never reported any long-term pain relief with injection therapy. At most, she reported about 40% pain relief for a three-week period. Other times, lesser pain relief for shorter periods of time. Nonetheless, she continued to present on a regular and scheduled basis for repeat injections.

Tr. at 53. Although the ALJ's discussion of Dr. Most's opinion is slightly lengthier, the ALJ did not mention any notes made by the doctor regarding Plaintiff's complaints of pain. See Tr. at 52-53.

The treatment notes of both doctors are replete with notes about Plaintiff's complaints of pain. See, e.g., Tr. at 814 (August 24, 2012 note indicating "unchanged severe hyperesthesia in [Plaintiff's] right hand, wrist, and forearm, radiating up to her upper arm and neck"); Tr. at 813 (September 17, 2012 note indicating "unchanged right hand weakness, generalized hyperesthesia and tenderness, and generalized stiffness and weakness compared to her unaffected left side"); Tr. at 942 (June 5, 2013 note indicating "[p]ain is described as severe . . . [Plaintiff] describes pain as a[n eight]"); Tr. at 939 (August 7, 2013 note indicating "[Plaintiff] is having sharp throbbing aching pain today. Her pain level today is a [seven]"); Tr. at 936 (September 4, 2013 note indicating "[Plaintiff] is in horrible pain"); Tr. at 919 (June 11, 2014 note indicating that "[f]lexion is decreased and with pain. Extension is decreased and with pain. Sidebend to the left is decreased and with pain. Sidebend to the right is with pain. Rotation to the left is decreased and with pain. Rotation to the right is decreased and with pain"). Thus, the undersigned is unable to determine whether the ALJ's conclusions were supported by substantial evidence. Accordingly, the ALJ here committed reversible error necessitating remand reconsidering the opinions of Dr. Most and Dr. Bosch.

In reconsidering the opinions of both doctors, the ALJ shall include consideration of Plaintiff's complaints of pain to the doctors.

## V. Conclusion

The ALJ's failure to state the weight attributed to the opinions of Dr. Most and Dr. Bosch constitutes error. Further, the ALJ's Decision does not convince the undersigned that the opinions of Dr. Most and Dr. Bosch were adequately considered. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Reconsider the opinion of Dr. Most, clearly state the weight assigned to it, and articulate the reasons therefor;

    (B) Reconsider the opinion of Dr. Bosch, clearly state the weight assigned to it, and articulate the reasons therefor;

    (C) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on August 23, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of record